RICHARD GOLDIE, Appellant, v. LOUISA GOLDIE.

**Husband and Wife:** SEPARATE MAINTENANCE: SUIT MONEY. Where
1    it appears that a husband is worth $5300.00, an allowance of $160 a year to the wife for her separate maintenance is not excessive; and in view of the facts in the case, an allowance of $425 temporary alimony and suit money was not unreasonable.

**Separate .Maintenance:** ALTERNATIVE JUDGMENT. A decree directing
2    an annual payment to the wife for separate maintenance may also provide that in default of such payment she may take a stated sum in full satisfaction thereof, without rendering it subject to the objection that it provides a penalty.

**Separate Maintenance.** Where a divorce is not granted, a decree
3    providing to the wife a separate maintenance so long as the husband refuses support, rather than an absolute division of the property, is proper.

*Appeal from Plymouth District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, FEBRUARY 17, 1904.

THE plaintiff brought suit for a divorce from the defendant. She answered, and in a cross-petition asked for separate maintenance. Before trial the plaintiff dismissed his action, and soon thereafter went to England, and did not return until after there had been a trial upon the cross-petition and a judgment for the defendant awarding her $425 for attorney's fees, expenses, and temporary support, and $160 a year for separate maintainance. Both parties appeal. The plaintiff will be designated as the appellant.—*Affirmed.*

*Struble & Struble* for appellant.

*Haggard & Wakefield* and *F. E. Gill* for appellee.

SHERWIN, J.—These parties were married early in September, 1885. The plaintiff was then about sixty-five years old, and the defendant forty-five. Both had been married before, and both then had children living; the defendant having a daughter ten years old, who lived with her and the plaintiff. For about eight months after their marriage they lived together in Highlands, N. C., during which time they lived in a two-room house, very meagerly supplied with the ordinary comforts of life. The plaintiff then owned one hundred and sixty acres of land in Plymouth county, in this state, in which county some of his adult children also lived. In April, 1886, he left the defendant and her daughter in North Carolina, and went to his farm in Plymouth county. He left her without cause, and entirely without means of support; and from that time until the judgment was rendered in this case, with the exception of a very short period, they lived apart and she supported herself and daughter without assistance from him. Complaint is not made of the finding that the defendant was entitled to separate maintenance, but the amount awarded therefor and the amount of suit money are objected to.

As we have heretofore said, the plaintiff abandoned his suit for a divorce and left the country while the defendant's action for separate maintenance was pending, and was not present at the trial thereof. Defense was made for him, however, and during the trial it was stipulated that he then owned eighty acres of land situated in Plymouth county, worth $5,000, and that he had $300 in personal property. It also appeared that he had sold one eighty of the one hundred and sixty- acre tract about a year before, for which he received $2,400 in excess of the incumbrance on the quarter section. The plaintiff's yearly income was not shown, but, in actions of this kind, when the value

SEPARATE
maintenance:
suit money.

of the defendant's property is shown, if there is no evidence as to the revenue it yields, the court will presume that a fair income is derived therefrom. The courts of this state are not limited to a fixed allowance or proportion of the estate which shall be given to 'the injured·party as permanent alimony, or for separate maintenance. Such sum should be allowed by the court as will be just, in the light of all the facts before it. In this case it is fairly apparent from the order of the trial court and from the record that the court intended to award the defendant for her yearly support one-half of the yearly income which $5,300 would ordinarily produce. In some cases such an award might appear excessive, but we do not so consider it in this case. The allowance of $425 for temporary support and for suit money was not unreasonable. The defendant was a resident of Colorado, and the notice of the plaintiff's action for a divorce was served by publication only. She came to this state to prepare and make her defense thereto, and later to attend the trial on her cross-petition, which, of course, was entirely proper, and within her legal rights.

The court decreed that if the plaintiff should fail or refuse to pay any annual payment of $160, and did not pay the same until the next annual payment became due, the de-

**SEPARATE maintenance: alternative judgment.** fendant should have the option of receiving $2,500, less the aggregate sum paid to her under its decree. The objection to the decree is that it imposes a penalty upon the plaintiff, but we do not so understand it. It is in the nature of an alternative decree, absolutely determining the rights of the defendant under separate conditions wholly under the control of the plaintiff. In other words, if the plaintiff elects to obey the order of the court as to annual payments, the defendant can take no more than the sum so fixed. If he refuses to do this, the defendant may then recover the larger sum in full' satisfaction of her demand for separate maintenance. While, as a general rule, judgments cannot be in the alternative, they are sometimes

permissible, and we think the plaintiff is in no position to complain in this case.

The decree provides that, if the marriage relation shall cease, the annual allowance shall no longer be paid; and the defendant contends that there should be an absolute division 3. SEPARATE    of the property between the parties, to protect
maintenance. her rights. No divorce, however, has been granted; and the defendant, under the facts in this case, is only entitled to separate maintenance so long as the plaintiff shall neglect or refuse to properly support her. If he should make provision for her proper support and comfort in his own home, she could no longer demand separate maintenance; and for this reason we do not see how a different decree could be rendered, for, with that possible contingency before it, the court would clearly be without authority to make a final disposition of the plaintiff's property in the defendant's favor. It may, perhaps, require some attention to fully protect the defendant under the decree, but we are inclined to think there will be no serious difficulty in doing so. It is doubtful whether an ex parte divorce could be obtained by the plaintiff which would seriously endanger her rights. Certainly a divorce obtained by fraud could not, and it has been held that an ex parte divorce will not bar the wife's alimony. 2 Am. & Eng. Enc. of Law, 98; *Cook v. Cook,* 56 Wis. 195 (14 N. W. Rep. 33, 443, 43 Am. Rep. 706); *Hoffman v. Hoffman,* 46 N. Y. 30 (7 Am. Rep. 299).

On the whole, we think the decree is fair and just to both parties, and that it should be AFFIRMED.

SUPPLEMENTAL OPINION, MONDAY, MAY 9, 1904.

PER CURIAM.—Before the original opinion was filed herein, the appellant failed to pay the additional suit money ordered by the district court; and, under the terms of the decree, the defendant had the option of recovering the entire sum of $2,500 upon such default. This option she sought to enforce, and a rehearing was asked for the purpose of securing a modification of the order, and extension of the time

within which the payment should be made. Since the petition for a rehearing was filed herein, both parties have asked that their property rights be finally settled as in the case of a divorce, and that the former decree herein be so modified as to effect this result. It is therefore determined that the defendant recover of the appellant the sum of $1,500 in full for her separate maintenance, and in full for her interest in the appellant's property, both present and contingent. It is further determined that she recover the additional sum of $500 for attorney's fees herein, ·and that the appellant pay the costs of the case. The appellant will have ninety days within which to pay said sums, and, for the purpose of raising the money to do so, he may either sell or mortgage the land described in the original petition; and the defendant shall join in the execution of the mortgage or deed, as the case may be. If she shall refuse to do so, no execution shall issue for the amount due her hereunder, but this judgment shall be and remain a lien upon said real estate until it is paid. A decree in accordance herewith will be entered in this court.

The petition for a rehearing is OVERRULED.