5. Witnesses, § 144*—*when evidence as to transaction with de-ceased agent of party to contract is inadmissible.* Testimony as to a conversation had with a certain person, deceased at the time of trial, who at the time of the making of a certain contract and prior thereto was agent of one of the parties to such contract, *held* improperly admitted in a suit involving the construction and enforcement of the contract.

6. Appeal and error, § 1489*—*when erroneous admission of evidence is harmless error.* The erroneous admission of testimony as to a conversation with a deceased agent of one of the parties to a building and construction contract, in a suit to establish a mechanic's lien, is harmless error where the evidence properly admitted is sufficient to sustain the judgment.

---

## Alma Heizer, Defendant in Error, v. John W. Heizer, Plaintiff in Error.

### Gen. No. 22,620. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed February 19, 1917.

### Statement of the Case.

Suit by Alma Heizer, complainant, against John W. Heizer, defendant, for divorce. From a decree fixing at $2,862.07 the amount of alimony due under the original decree granting a divorce and certain alimony, defendant brings error.

G. A. Buresh, for plaintiff in error; Otto Wade-witz, of counsel.

Otto Schusterman and F. A. Woodbuby, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

DIVORCE, § 106*—*when decree for alimony is too indefinite.* A decree directing the payment as alimony in a suit for divorce of one-half of the husband's weekly earnings, after deducting his car fare, labor union dues, life insurance and such other expenses as were necessarily connected with his employment, *held* erroneous as being too indefinite and uncertain in amount to be enforceable, and the court had no jurisdiction to enter a subsequent order attempting to enforce it.

---

### The People of the State of Illinois, Defendant in Error, v. J. E. Kelly, Plaintiff in Error.

### Gen. No. 22,635.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

### Statement of the Case.

Action by the People of the State of Illinois, plaintiff, against J. E. Kelly, defendant, charging him with a violation of section 10 of the Motor Vehicle Law (J. & A. ¶ 10010). From a judgment of conviction on trial by the court without a jury and fine of five dollars, defendant brings error.

FRANK L. CHILDS and BERYL HOWARD CHILDS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ALEXANDER E. ARKIN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.