ACHSA SCHORR, Appellee, v. PHILIP SCHORR, Appellant.

June 26, 1928.

*Walter F. Maley*, for appellant.

*Earl C. Mills*, for appellee.

ALBERT, J.—Plaintiff and defendant were married in 1912. They were the parents of two children, both girls, aged ten and

three, respectively, at the time of the trial. The defendant was in the employ of the Wabash Railway Company, as a division freight agent, at a salary of $300 a month. They had purchased a house and furniture, apparently on the installment plan. The house was purchased at the peak of prices, and by reason of the deflation, they seem to have had a very small equity in it, and it had been sold for taxes. They had many outstanding unpaid bills, amounting to something over $1,200. They owned two automobiles, one of which was paid for, and the installments on the other car, used by defendant in his work, were $50 a month. The company allowed him $35 a month for the use of his automobile, which he says he was applying on the unpaid installments still due.

The evidence shows that, when defendant was away from home in the course of his employment, his expenses were paid, and that his board and lodging amounted to about $85 a month.

It is first urged that the evidence in the case is insufficient to warrant the granting of this divorce. We have carefully read the record, and conclude that the court was warranted in granting it. As every divorce case must rest on its own bottom, no good would come to the parties or to the profession by setting out the evidence herein.

The court entered a decree giving the custody of the children to the mother, with a right of visitation to the father; and of this no complaint is made. It further provided that the defendant should pay the plaintiff $200 a month alimony, for the support of herself and the minor children, and that out of this $200 thus decreed, the plaintiff should use $50 each month in the payment of outstanding bills, and that, when these outstanding installment bills were all paid, the alimony should be reduced to $150 a month until further order of the court. The court further decreed that the automobile which was not used by the husband in his business should be sold, and the proceeds thereof applied first to the payment of $100 plaintiff's attorney's fees, and the balance applied on the unpaid grocery and department store bills. Of this part of the decree defendant complains, and we think justly. It is not merely a question of how much money it would require to support this wife and children, but a reasonable and equitable apportionment of the income of the defendant between the parties; and, as we view this record, we think the

court was a little too liberal in his allowance. It is our conclusion that the amount of alimony should be fixed at $175 a month, instead of $200, and that of that amount $50 a month should be applied to the payment of bills, as provided in the decree. Otherwise, the decree is affirmed.

The decree, as thus modified, we think is a proper disposition of the case.—*Modified and affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.