## Margaret P. Condy, Appellee, v. Louis H. Condy, Appellant.

### Gen. No. 43,383.

Opinion filed February 13, 1946. Released for publication March 8, 1946.

Kinne, Scovel & Robson, of Chicago, for appellant; Harold F. Scovel, of Chicago, of counsel.

Jerome L. Fels, of Chicago, for appellee.

Mr. Justice Burke delivered the opinion of the court.

Margaret Palmer and Louis H. Condy were married at Joliet, Illinois, on April 19, 1913. Two children were born of the marriage, namely, Louis Henry and Betty Margaret. The parties separated on July 1, 1932. She filed a complaint for divorce in the circuit court of Cook county charging wilful desertion. He was personally served with a writ of summons and was defaulted. On March 16, 1934 a decree was entered dissolving the bonds of matrimony, ordering him to pay all accrued and outstanding bills which the parties jointly owed; that he pay to her "one-half of all money, tax warrants or other things of value which he shall receive after January 1, 1934, in payment of accumulated and unpaid back salary due to him from the Board of Education of the City of Chicago as a teacher in the public schools of said city;" that he pay to her "one-half of his salary earned and received as a teacher or employee of the public schools of the City of Chicago, Illinois, as long as he is so employed, and in the event of the termination of such employment, to pay one-half of his gross income to said complainant throughout her life or so long as she remains unmarried;" that he pay all of the general real estate taxes due for the years 1930 and 1931 on the real estate at 4615 North Drake avenue, Chicago, then owned in joint tenancy by the parties; that he pay certain indebtedness then owing to his father and save plaintiff harmless from all liability to his (defendant's) father; that he join in a conveyance of the home owned in joint tenancy by the parties so as to vest title solely in

plaintiff; that he carry at all times during his life at least $2,500 of life insurance upon his life in a policy naming plaintiff as beneficiary, and another policy of $2,500 naming the children as beneficiaries; that he pay the premiums upon the policies; that he refrain from encumbering the policies; that he pay a certain promissory note theretofore executed by him payable to the order of the father of plaintiff and then held in the estate of George Palmer, deceased; that she have the sole care, custody and control of their minor children, with the right in him to visit at reasonable times and places, she to support, maintain and care for the children during their minority, and she was ordered to accept the payments and the performance of the undertakings in full settlement and payment of all claims and demands of every nature on account of her right to support and the right to support of the children. It was further decreed that the memorandum of agreement entered into December 27, 1933 between the parties be incorporated in the decree as fully as though it had been a part thereof. The report of the proceedings on the hearing of the divorce case shows that the agreement, which was introduced into evidence, contains substantially the same provisions as the decree.

On August 7, 1935, approximately a year and a half after the entry of the decree, defendant filed a petition alleging, among other things, that the execution of the agreement and the entry of the decree were procured through fraud, duress and ignorance of the defendant. Plaintiff answered the petition. On November 12, 1935, after the presentation of testimony and argument of counsel, an order was entered by consent, which, among other things, provided that the decree of divorce was properly entered; that both parties were fully cognizant of the terms of the agreement embodied in the decree; that they entered into the agreement voluntarily; that the agreement embodied in the de-

cree and the provisions of the decree are fair, just and equitable; and that except as modified the decree should in all respects stand unchanged. During the course of the proceeding plaintiff agreed to waive the provisions of the decree and of the agreement requiring him to pay premiums on a life insurance policy, in consideration of his assigning the policy to her. The order so provided and defendant has since received the benefits of the agreed modifying order. This was the only change in the original decree.

In June 1943 defendant filed another petition attempting to modify the decree and agreement for alleged change of circumstances in that each child had reached majority and was self-supporting and again asserting fraud, duress, misrepresentation, ignorance and unfairness with regard to the decree and the alimony agreement incorporated therein. On June 21, 1943, after a hearing, an order was entered denying any part of the relief prayed for. On October 5, 1944 plaintiff filed an amended and supplemental petition praying for a rule on defendant to show cause why he should not be held in contempt of court. The petition, after giving him credit for certain payments made since September 1943, alleged that there was due her from him $1,538. He filed an answer stating, among other things, that he had been advised by counsel that the portion of the decree providing for future alimony was void and unenforceable for uncertainty and that it would not support an order finding him in contempt of ,court for failure to pay alimony. Thereafter the parties stipulated to submit the case to trial as an agreed case, as provided in sec. 85 of the Civil Practice Act and rule 48 of the Supreme Court.

Defendant admitted that for the period in question his basic gross salary was $380 per month, earned as a schoolteacher. At the time the decree was entered the salary and financial status of teachers was uncertain because of difficulties of public financing and tax col-

lections. For some time teachers had been unpaid, or were being paid with tax anticipation warrants. This was taken into account in the agreement and decree, which, among other things, provided for an initial payment in part from proceeds of tax warrants, when received. The parties are in agreement that the parts of the divorce decree dealing with property rights and the payment of alimony were entered by consent. Plaintiff is past 60 years of age and has been advised by her physician that because of a heart ailment, she is unable to work without seriously endangering her health and life. She incurred liability for approximately $300 as attorney's fees in connection with the current petition. On December 14, 1944 the court entered an order finding that the decree, including the parts relating to alimony payments, was valid and binding, that it is not void for indefiniteness or uncertainty; that there was due plaintiff from defendant as and for alimony the sum of $1,155.50; that his failure and refusal to pay the alimony was wilful and constituted contempt of court; found him guilty of wilful contempt of court; committed him to the common jail of Cook county for not exceeding six months, unless he sooner purge himself; and that he pay her the sum of $250 as and for her attorney's fees. He appealed from this order and plaintiff has filed notice of cross-appeal. Therein she asks that we find the amount due from defendant to be $1,440.50.

Defendant maintains that the clause of the decree which provides that he pay to plaintiff as alimony "one-half of his salary earned and received as a teacher or employee of the public schools of the City of Chicago, Illinois, so long as he is so employed, and in the event of the termination of such employment to pay one-half of his gross income" to her throughout her life or so long as she remains unmarried, is so indefinite and uncertain as to be void and unenforceable. He asserts that the portion of the decree which pro-

vides for the payment of alimony is by its very nature a money decree and must be for a sum certain, or for a sum which can be made certain by a mathematical computation arrived at from the very figures contained in the decree; that alimony must be for a certain specific and definite amount of money payable at certain and definite time or times; that by its very nature it is a money judgment and must have the qualities and limitations of such a judgment; that the amount must be specified so that at any given time, even at the end of the first week, if payment is weekly, an execution could be issued on the decree, setting forth the amount due as computed from the decree; and that with the decree in the form which plaintiff argues it should be, the clerk could compute the amount from the decree and issue an execution therefor "the same as in the case of any other judgment or decree for money."

A divorce decree for the payment of alimony is, by its nature, a continuing order. An original money judgment does not order the defendant to pay anything, but simply adjudicates the amount owing, while an award for alimony directly commands defendant to pay. Sec. 18 of the Divorce Act (par. 19, ch. 40, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 109.186]) provides that the payment of alimony and maintenance may be enforced in any manner consistent with the rules and practice of the court. Sec. 42 of the Chancery Act (par. 42, ch. 22, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 106.06]) provides that the court may enforce a decree either by sequestration of real and personal estate by attachment against the person, by fine or imprisonment, or both, by causing possession of real and personal estate to be delivered to the party entitled thereto, or by ordering the demand of the complainant to be paid out of the effects or estate sequestered, or which are included in such decree, and by the exercise of such other powers as pertain to courts of chancery and which may be necessary for the at-

tainment of justice. Sec. 47 of the same Act provides that a decree may be carried into effect by execution, or other final process according to the nature of the case and shall have the same operation or force as similar writs issued upon a judgment at law.

The legal liability of a husband for alimony is in the nature of an obligation or duty. In our opinion, the provision for the payment of alimony in the instant case is reasonably definite and certain while defendant is employed as a schoolteacher. It is unnecessary for us to speculate on the situation that might arise should defendant terminate his employment as a schoolteacher. That phase of the decree is not involved in the case before us. Defendant had no difficulty in understanding his duty under the decree, for he complied with it from the time it was entered on March 16, 1934 until September 1943. When defendant refused to further comply with the decree, plaintiff could have compelled compliance in accordance with the provisions of the Chancery Act and the Act on judgments and executions. For instance, she could have served notice on him that she would move for the entry of a judgment for the amount then in arrears and that execution issue thereon. What she did was to file a petition stating the facts and asking for a rule on defendant to show cause why he should not be held in contempt of court for failure to comply with the provisions of the decree, and that she be allowed attorney's fees necessarily incurred. The court found the amount due under the decree, that he was guilty of wilful contempt in failing to pay such amount and directed that he be committed to the county jail and to pay plaintiff $250 as and for her attorney's fees. Defendant was given 20 days in which to pay the amounts found to be due. There is no contention that he does not have the funds with which to comply with the commitment order, or that his refusal to pay was not wilful.

██ In *Enoch v. Walter*, 209 Ill. App. 619, we said that upon default in a decree for the payment of alimony, the court may, by supplemental proceeding, "ascertain the amount due and enter a decree for the payment thereof, upon which execution may issue." We have read the cases cited by the parties. Defendant relies on the case of *Heizer v. Heizer*, reported in abstract form in 204 Ill. App. 200. We have read the complete opinion and the abstracts and briefs filed in the case. In that case the defendant argued that the decree was indefinite and unenforceable. The brief filed by plaintiff in the *Heizer* case did not make any attempt to answer the argument of defendant. The court in its opinion followed the argument presented by the defendant. The factual situation in the *Heizer* case is not comparable to the factual situation in the case at bar and in our opinion the views expressed are not applicable to the situation presented in the record before us. We agree with plaintiff that alimony decrees are fundamentally different from ordinary money decrees or judgments in that they are *sui generis*. We are satisfied that the provision of the decree to which defendant objects is not void or unenforceable for indefiniteness or uncertainty.

██ Defendant asserts that the amount required to be paid must be specified so that at any given time the clerk can compute the amount due from the decree and issue an execution, as in the case of any other judgment or decree for money. The clerk could not enter a judgment without the direction of the court and, of course, he could not issue an execution without a judgment. The fact that the clerk cannot at any given time compute the amount due from the decree and enter judgment, is not a proper test as to whether a decree for alimony is reasonably certain in its terms.

██ In support of her cross-appeal plaintiff contends that the court should have found as the amount

due the sum of $1,506.50 instead of $1,155.50. The aggregate gross basic salary of defendant for the period was $4,180. The net amount of checks actually received by defendant for the period was $3,250. The total deductions for the period were as follows: Teacher's Pension Fund for the benefit of defendant $132; Payment to substitute teachers during absences of defendant $63; Federal withholding taxes $570; and War Savings Bonds purchased by him through the Board of Education, paid by authorized deduction from salary $165. His net salary earned and received for the period after deductions for pension and payments to substitutes and before deductions for Federal taxes was $3,985. Defendant paid to plaintiff during the period as and for alimony the sum of $552. The trial court refused to deduct the sum of $165 applied for the purchase of War Bonds, but did deduct $132, the amount applied to the Teacher's Pension Fund and $570 paid to the United States Treasury on account of Federal withholding taxes. The chancellor equally divided the balance, deducted from the result the sum of $552, which had been paid by plaintiff during the period and found the amount due to be $1,150.50. Plaintiff contends that the court should have refused to deduct from the gross salary earned any amount for pension fund or Federal withholding taxes, and asks that the order be amended by fixing the amount due to plaintiff as $1,506.50. The chancellor exercised sound judgment in determining the amount due.

For the reasons stated, the order of the circuit court of Cook county entered December 14, 1944 is affirmed.

*Order affirmed.*

KILEY, P. J., and LEWE, J., concur.