EUGENE W. SCHELDRUP, petitioner, v. HONORABLE JAMES P. GAFFNEY, Judge of the Eighth Judicial District, respondent.

No. 48095.

(Reported in 55 N.W.2d 272)

OCTOBER 14, 1952.

Messer, Hamilton, Cahill & Bartley, of Iowa City, for respondent.

Edward L. O'Connor, of Iowa City, for petitioner.

MANTZ, J.—This proceeding grows out of the ruling and findings of the court in connection with the application of Dorothy M. Scheldrup for an order citing Eugene W. Scheldrup for contempt for failure to pay alimony and child support money as provided by a decree of divorce granted applicant, Dorothy M. Scheldrup, on March 15, 1946. At a hearing evidence was taken and the court overruled the defendant's motion to strike and dismiss the application and ruled in favor of said applicant. The defendant came into this court by petition asking a writ

of certiorari. The matter raised therein and the respondent's answer thereto set forth the issues involved in the case.

I.    As above stated the controversy grows out of a divorce decree of March 15, 1946, wherein Dorothy M. Scheldrup was awarded a divorce from Eugene W. Scheldrup. The suit was in Johnson County, Iowa. In that proceeding plaintiff filed a verified petition, and defendant, petitioner herein, was duly served with notice of the suit. There were two children. Plaintiff, in addition to asking for a divorce, demanded alimony, child support and custody of the children. On March 15, 1946, both parties signed a stipulation relating to alimony and child support. The petition for divorce was not contested.

The decree of divorce as entered recited that the court had jurisdiction of the subject matter and of the parties thereto. A divorce was granted plaintiff, and the decree, by reference, specifically incorporated therein the stipulation of the parties.

Following taking of testimony in the present hearing, the petitioner's motion to dismiss and strike was made and it applied to the entire decree of divorce, yet the principal contention in argument was with reference to paragraph 3 of the stipulation which covers the matter of alimony and support money. No action was ever taken by petitioner to set aside or modify the divorce decree.

As the controversy revolves around the stipulation entered into in the divorce proceedings of March 15, 1946, we think it advisable to set forth certain parts thereof:

"It Is Hereby Stipulated and Agreed by and between the parties hereto that if, on the hearing of the above entitled cause, the District Court of Iowa in and for Johnson County should decide that the equities of this cause are with the plaintiff, and that she is entitled to a decree of divorce, and that the prayer of her petition should be granted, then it is hereby stipulated and agreed by the parties hereto that the following property settlement and division will be satisfactory to both of them, and if placed in the decree either by re-recitation of its terms, or by reference to this stipulation, they will both abide by such decree and the provisions of this stipulation.

"3.    So long as the defendant shall receive the monthly

payment of salary he is now receiving, he shall pay to the plaintiff the monthly amount of $150 to be used by the plaintiff for her support and the support and care of her children, one third of which shall be for herself and one third of which shall be for each of her two children. In the event that the salary of the defendant shall be increased, the amount of said monthly payments shall be increased at the rate of $25 for every $50 increase in defendant's salary, and one third of such increase shall be for the plaintiff and one third of said increase shall be for each of her said children. In the event that defendant's salary shall be reduced, the monthly payments herein provided for shall be reduced at the rate of $25 for each $50 decrease in his salary, and one third of said decrease shall be deducted from the amount herein provided for the plaintiff and one third thereof shall be deducted from the amount herein provided for each of said children. In the event that the plaintiff shall remarry, the amount so hereby required to be paid for [her] shall cease and terminate. When said children shall attain maturity, or shall die, the amounts hereinbefore provided for to be paid for them shall terminate, provided, however, that if, at the time said child or children shall attain maturity, said child or children shall be incapable of supporting themselves because of physical or mental disability, then and in that event, the payments hereinbefore provided for for such child or children shall continue during such disability. So long as the plaintiff remains unmarried and said children remain entitled to receive payments hereunder, said monthly payments shall not, anything herein to the contrary notwithstanding, be reduced without further orders of this court, below the amount of $100.

"5. The custody of the two minor children of these parties shall be turned over to the plaintiff with the right given to the defendant to visit them at all proper times and places.

"WITNESS our hands at Iowa City, Johnson County, Iowa, this 15th day of March, 1946." (Signed by Dorothy M. and Eugene W. Scheldrup.)

The application for citation of petitioner for contempt recites that the petitioner has failed to comply with the terms of the stipulation, that he has not made the payments provided

therein although he has had various substantial salary increases.

The trial court in its finding and order states:

"The evidence introduced in connection with plaintiff's application shows that on March 15, 1946, defendant was earning $375 per month. On July 1, 1946, his salary was increased to $416.67. On January 1, 1947, salary increased to $436.67. On July 1, 1947, increased to $500. On September 1, 1948, $600, continuing until September 1, 1950, when salary was increased to $611.11, and at the time of the trial the salary was $611.11. The record shows that during the year 1948 nine months of said year defendant was paid salary; that during the year 1949 he was paid salary for only nine months. That during the year 1950 he was paid ten months salary. That during the year 1951 he was paid the full salary of $611.11 until July 1st and one half of the salary for the months of July, August and September. The record shows that he paid into the office of the clerk of this court $150 each and every month from the date of the decree until October 1, 1949, at which time he began paying into the clerk's office $175 each month."

Following a computation as to how the alimony amounts should be arrived at the court ordered:

"With this construction the defendant under the decree should be required to pay as alimony and support money from and after September 1, 1950, the sum of $200 per month. On this basis to February 1, 1952, defendant is in arrears on alimony and support payments in the sum of $425. This is based on the defendant's salary for the year 1951 at $611.11 per month for nine months of the year with one half the salary for the remaining three months."

The evidence showed that for some months prior to the hearing the petitioner had given to the clerk of the court certain checks relating to said alimony with instructions to hold them pending the ruling of the court. In its finding and order the court ordered the same cashed and turned over to the wife as provided in the divorce decree. The court further ordered that the petitioner (defendant) comply with the court's orders. Thereafter this writ was asked for and secured.

II. The application of Dorothy M. Scheldrup asked that the petitioner, Eugene W. Scheldrup, be cited for contempt for his failure to pay alimony and child support money as provided in the divorce decree of March 15, 1946.

To this application for citation the defendant made written resistance and filed a motion to strike and dismiss the application for citation and made a tender of certain moneys on specified conditions. Two additional tenders were later made as amendments to said resistance. Both related to tender of alimony payments. Said resistance has four paragraphs; paragraph 3 has seven subparagraphs (a to g). Therein the petitioner alleges that the divorce decree is void and a nullity in that in said paragraph relating to alimony and child support the payments required are uncertain, alternative, conditional and contingent, depending upon future salary earnings, and sets out paragraph 1 of the application of Dorothy M. Scheldrup. Other parts of said resistance relate to various matters, including the failure of the divorce decree to make specific findings of fact.

The applicant resisted said motion, recited the decree and its terms, the stipulation, the acquiescence and compliance therewith by petitioner, the sums paid and those owing, and further alleged that his conduct and actions amounted to acquiescence, a waiver, and that he was estopped to resist the same. The court deferred ruling on such motion until the evidence was taken.

In a colloquy in court between the court and the counsel for the parties it seemed to be understood that the cause was to be tried in equity.

At the hearing evidence was taken on behalf of applicant, also on behalf of petitioner. There was introduced without objection the files in the divorce proceeding. Applicant offered evidence as to the payments made, also as to sums due and unpaid. The treasurer of the State University was a witness and testified as to the salary of petitioner from the date of the divorce decree up to the date of the hearing. Petitioner gave testimony on the same subject.

When applicant offered evidence in support of her application and in particular to petitioner's salary, petitioner's objection seemed to be that the alimony and child support require-

ment was a nullity and of no validity. This was at variance to his resistance which claimed that the entire divorce decree was a nullity. In his objection and argument petitioner seems to proceed upon the theory that he could disregard the decree in part and observe it in part. When we examine the record it is not difficult to understand his position. It shows that approximately forty-five days after the decree of 1946 and on April 29 of that year the petitioner remarried. In passing we might say that we find no provision in the divorce decree permitting remarrying within the statutory period.

    III. Petitioner in this appeal sets up eight claimed errors. Generally speaking these claimed errors relate to the procedure followed at the hearing, the evidence introduced, the ruling of the court that petitioner's motion to strike and to dismiss was a collateral attack on the judgment of the court of March 15, 1946, and that it was not proper to go into the question of the petitioner's salary in the proceeding and that as counsel for applicant had announced in open court that the application was not asking that petitioner be punished it amounted to a change in the proceedings.

    IV. The divorce proceedings were in equity. In it the alimony and child support money were to depend upon the salary of the petitioner, subject to the provision that there was a minimum base of $100 per month; that the allowance for alimony and child support as fixed was dependent upon the salary earned. The stipulation clearly shows such fact. Petitioner argues that the judgment in that respect being conditional and uncertain rendered the decree a nullity. This court has held in many cases that the rule that conditional judgments are wrong has no application to decrees in equity. In the case of White v. Massee, 202 Iowa 1304, 1310, 211 N.W. 839, 842, 66 A. L. R. 1434, there was a decree granting a daughter compensation for the care of her father under a contract between them. This court said: "The court, in imposing conditions to the granting of equitable relief, is not restrained by the strict legal rights of the parties, but may impose such terms as are demanded by justice and regard for righteous conduct."

    In the case of Schorr v. Schorr, 206 Iowa 334, 220 N.W. 31

(a divorce case), this court held that an alimony order should be based on a reasonable and equitable apportionment of the income of the defendant between the parties.

In the case of Kithcart v. Kithcart, 145 Iowa 549, 560, 124 N.W. 305, 30 L. R. A., N. S., 1062, there was a decree of divorce which awarded alimony of one eighth of an amount which the husband should recover against a railroad on a tort claim. In its opinion the court said "a decree in chancery may in terms create and establish liens upon both personal and real estate." In that case this court held that such a conditional decree was valid.

In the case of Goldie v. Goldie, 123 Iowa 175, 98 N.W. 630, 99 N.W. 707, there was a decree of separate maintenance and the wife was given $160 annual payments for separate maintenance. The decree gave the wife an option of receiving $2500 less the aggregate of previous annual payments, in the event an annual payment was missed. This we held valid. See also Parish v. McConkie, 84 Utah 396, 35 P.2d 1001.

The petitioner relies upon the holding of this court in the case of Battell & Collins v. Lowery, 1877, 46 Iowa 49, 52. We do not think the holding applicable. The case involved a money judgment, one of two claims depending upon a future contingency. The court defined a judgment to be "the conclusion of the law upon the facts found or admitted." It went on to say: "In the case at bar there was an alternative finding of facts. We are of the opinion that such finding has no validity." It involved a garnishment. No equitable principles were involved. The decision was rendered by three justices, two dissented. In the instant case there was a certain definite judgment or finding. There was nothing in the alternative about it. A court of equity would have power to decree what would be just and proper. The court, after hearing, found the plaintiff entitled to alimony and support money. This was in keeping with the stipulation which petitioner signed. He thereby recognized his obligation and agreed to carry it out. After he did so for several years he decided to forego payments and for a time prior to the citation made payments in such a manner as to be unavailable to plaintiff and her children. In such a situation a court of equity had

the right and power to consider the application for citation and make appropriate orders.

V. During the hearing on the citation counsel for applicant orally advised the court that there was no desire of applicant to punish petitioner; all she wanted was that he be required to comply with the divorce decree. Petitioner makes claim that such a statement changed the nature of the case.

It must be remembered that the sole purpose of the application was to require petitioner to show cause why he should not be punished for contempt for failure to pay alimony, and to enforce payment thereof. We fail to see where the oral statement of counsel changed the nature of the issues tendered by the application and the resistance. No attack was made upon the application. We fail to see any error in the court's ruling.

The pleadings following the application for the citation show without question that the petitioner fully understood the situation as it existed when the divorce decree was entered. While the record does not show that petitioner was represented by counsel, we think that it may be inferred that he had legal advice as to his rights in the proceedings. The stipulation is clear and definite as to its terms. The trial court held that it was free from ambiguity and was plain in its terms. We agree with this holding. That he understood it fully is shown by the fact that in 1946 he began to pay the $150 per month and in October 1949 he began to pay $175 per month. The record shows that when the divorce was granted in 1946 his salary was $375 per month and that at the time of the trial it was $611 per month. It also showed a gradual increase during that period. The sum to be paid by petitioner during that period was simply a matter of computation. However, the applicant had no means of knowing just what his salary or earnings were until the hearing when applicant offered as a witness F. L. Hamborg, treasurer of the State University. The treasurer testified fully and in detail as to petitioner's earnings during that period. The petitioner objected to the same on the theory that it was an attempt to reopen and relitigate the divorce proceedings. The court overruled the objection and we think properly. As the stipulation and decree provided the alimony and child support on the basis of peti-

tioner's earnings, the evidence was competent to show such earnings. While there was some evidence that for a few short periods petitioner worked on a part-time basis, still he was paid on a monthly rate, as was provided by the stipulation. We hold the evidence was proper.

VI. Was the motion to strike and to dismiss the application a collateral attack on the divorce decree? The trial court held that it was. We agree with this holding. Certainly the decree of March 15, 1946 was a valid subsisting judgment based upon a holding wherein the court had jurisdiction of the subject matter and of the parties. The stipulation between the parties was agreed upon, the petitioner knew of the decree and for a number of years had performed its terms in the payment of alimony and child support money. He did not seek to modify the decree or to have it set aside. We hold that said motions and the evidence which petitioner offered in support thereof were a collateral attack. See Brown v. Tank, 230 Iowa 370, 297 N.W. 801; Whiteley v. Mills, 239 Iowa 80, 29 N.W.2d 541; Anderson v. Schwitzer, 236 Iowa 765, 20 N.W.2d 67. In Ponzelino v. Ponzelino, 238 Iowa 201, 203, 26 N.W.2d 330, 331, this court by Justice Garfield said: "Any mere error in such decree is not here reviewable. The provision of the decree in question may now be assailed only if the court was without jurisdiction to enter it." (Citing Kriv v. Northwestern Securities Co., 237 Iowa 1189, 24 N.W.2d 751.) See also 49 C. J. S., Judgments, section 409; 31 Am. Jur., Judgments, section 610.

VII. Petitioner in oral argument and by inference in written argument urges that the stipulation between the plaintiff and defendant in the divorce decree was ineffective in that it was not part of the decree. There is no merit to such claim. The stipulation was entered into in contemplation of the divorce proceedings; it was signed by both and it must be assumed that they knew its purpose; by reference it was made a part of the decree. This in law is sufficient. See Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435; Weir & Russell Lbr. Co. v. Kempf, 234 Iowa 450, 12 N.W.2d 857; 27 C. J. S., Divorce, section 251(2)(b); 30 Am. Jur., Judgments, section 31.

In addition to the questions above discussed petitioner has

set forth others and cited many authorities in support thereof. Under the record herein and the facts we do not think them applicable. We are not disposed to question the legal principles set forth, but think they have no application. We think it unnecessary to pass upon other questions raised.

In essence the issues determining the controversy boil down to the claim of petitioner that the decree of March 15, 1946 is a nullity; that there was no valid judgment; that the attack was direct and not collateral; that the taking of testimony was in effect relitigating the divorce decree and that applicant's counsel had changed the issues by stating that no punishment would be asked in case the application was granted. These issues we hold were properly passed upon by the court.

The writ is annulled.—Annulled.

All JUSTICES concur.