Audrey Vollenhover, Appellee, v. S. LeRoy Vollen-
hover, Appellant.

**Gen. No. 46,404.**

First District, Second Division.

December 14, 1954.

Released for publication January 4, 1955.

44

Morris Aronson, of Chicago, for appellant.

Economos & Reeda, of Chicago, for appellee; Robert G. Wolfe & Theodore C. Argiris, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant appeals from an order finding him in arrears with respect to payments for the support of his minor child. By a decree of divorce entered June 18, 1949, in the circuit court of Cook county, defendant was ordered to pay $50 per week to his wife, $25 thereof being for her support, and $25 for the support of their six-year-old child. Under the terms of the decree the weekly payments for the child were to be increased as follows: to $35 when defendant earns more than $200 per week, to $45 when defendant earns more than $250 per week, and to $55 when defendant earns more than $300 per week. If defendant earned more than $300 per week, the child's allowance was to be subject to the further order of the court. If his earnings dropped below $5,600 per year, the total weekly payments were to be reduced to $40 per week, to be divided equally between plaintiff and the child. Determination of defendant's earnings was to be made on the basis of Form W–2, a report of employee's earnings made by the employer to the internal revenue department, or any other form substituted therefor.

Pursuant to the decree, defendant made an adjustment for 1950 by paying an additional sum of $520, thus bringing the payments for that year to $35 per week. In 1951, according to the undisputed findings in the order appealed from, defendant's net earnings were $17,092.20, and in 1952 he earned $11,080.75. In 1951 he paid $35 weekly for the child's support, and in 1952

45

he paid $25 weekly. The weekly salary he received from his employer varied from $120 to $140, and the additional amount was made up by what defendant calls earned bonus on a "thirteen period basis—four even weeks." If the total payments made to defendant by way of bonus and weekly salary were distributed equally over 52 weeks he would have earned more than $300 per week in 1951, more than $200 per week in 1952. Therefore, in 1951 he should have provided $55 (instead of $35) per week for the care of his child and in 1952, $35 (instead of $25) per week. On this basis, the chancellor ordered him to pay an arrearage of $1,040 for 1951 and $520 for 1952. Defendant contends this was error because the provision of the decree with respect to the increase in payments is too indefinite and uncertain. He bases it on the very technical argument that the earned bonus was paid "on a thirteen period basis—four even weeks," was not paid weekly, and therefore, he should not be required to pay any increase at all.

All judgments and decrees are reasonably construed, but those which seek to provide support for a child receive the special care and consideration of courts. 49 C. J. S., sec. 436; Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826; Matter of Williams, 208 N. Y. 32, 101 N. E. 853; Condy v. Condy, 328 Ill. App. 8.

Defendant himself had no difficulty in understanding his duty under the decree. As before stated, in 1950 he paid $520 as an adjustment, based upon a bonus he received that year; in 1951 he paid an additional $10, or $35 weekly, although, as the court found, he should have paid $55 weekly. He understood the nature of the decree and observed its terms until he conceived the idea that he could avoid the additional payments. If there was any doubt about applying the provisions of the decree, his recognition that bonuses were to be taken into account and distributed on a

weekly basis to determine the extent of his obligation removed that doubt.

Defendant next contends that the issue was determined in a proceeding in the circuit court of Multnomah county, Oregon, and that the decree entered in that case is conclusive of this litigation. It appears that defendant moved to Oregon and when he refused to pay the additional sums provided for in the decree, plaintiff sued him in that State, seeking to enforce the provisions of the Illinois decree. After a hearing the Oregon court entered an order in which it found that the provisions for the adjustment of weekly payments were invalid and "could not be established and made part of an Oregon decree." The Oregon court limited the support money for the child to the $25 minimum provided in the Illinois decree. It was following this that plaintiff filed her petition in the circuit court of Cook county.

 The real question presented is whether the Oregon decree is binding under the due faith and credit clause. This is a constitutional question which, under the Constitution of Illinois, can be reviewed only by the Supreme Court. When defendant appealed to the Appellate Court instead of seeking a direct appeal to the Supreme Court, he waived the point. People v. Parker, 328 Ill. App. 46; 396 Ill. 583; 333 U. S. 571. That principle is too well established for further citations. Aside from this, it must be noted that the Oregon court did not enforce the provisions of the Illinois decree but, on the contrary, refused to do so. The question of substance, therefore, would be whether the Illinois court has the power to enforce provisions of its own decree. Of this there can scarcely be any doubt.

Decree affirmed.

ROBSON and McCORMICK, JJ., concur.