SHARON BREINER, APPELLEE, V. LONNIE A. BREINER, APPELLANT.

236 N. W. 2d 846

Filed December 31, 1975. No. 40127.

Patrick J. Heaton, Jr., for appellant.

R. David Garber of Marks, Clare, Hopkins, Rauth, Garber & Batt, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

This is an appeal from a District Court order modifying the child support provisions of a divorce decree. The original decree entered July 18, 1973, directed the appellant, Lonnie A. Breiner, to pay $300 monthly for the support of his four children who were in the custody of appellee, Sharon Breiner. Since it appeared that appellant's monthly salary as a professional farm manager had been supplemented by an annual bonus, approximately equal to his total yearly salary in 1973, the decree also provided that appellant disclose to the court the amount of his bonus as well as any increases in wages and other benefits when he receives them. The decree also provided that the court would then give further consideration to the amount of child support and the question of alimony for appellee.

After a bifurcated hearing on the issues of alimony and additional child support, the court, on October 29, 1974, issued an order modifying the decree, from which this appeal was taken. Appellee was denied the alimony

she requested. Appellant was assessed an additional $1,050 in child support on the basis of his bonus for the period June 1 to December 31, 1973, and the court also established a formula for calculating child support amounts for subsequent years based on the amount of the bonus. The court's formula provided that appellant should round off the gross amount of his bonus to the nearest $1,000 figure and pay an additional $18.75 monthly per $1,000 of gross bonus. An illustration given by the court is that with a $10,000 bonus the calculation would be $18.75 x 10 = $187.50 x 12, or a total of $2,250 in additional child support payable at the end of the year.

Appellant argues (1) that the bonus provision is based on pure speculation and should be modified; and (2) that any award based on the bonus is excessive in light of the regular monthly child support and the circumstances of the parties. We agree that the form of the award is improper and modify it accordingly.

A motion to dismiss and a motion to affirm under Rule 20-A (2) were filed in this court by appellee. Ruling was reserved on these motions. They are now denied. Appellant, it appears, purged himself of contempt prior to the perfection of this appeal and the questions raised on appeal are not "unsubstantial," so as to require application of Rule 20-A (2).

This court has stated that "[s]upport money * * * should be certain and definite, based upon present conditions, and not made to depend upon uncertain and speculative contingencies of hypothetical earnings or income." Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535 (1949). In Christoffersen, child support was fixed at $70 monthly when the father earned $175 a month, and $50 monthly when he earned less than $175. The "sliding scale" form of award was specifically disapproved. Although appellant is required to pay $300 monthly as a fixed base for child support, the

amount of his year-end bonus is no more certain than was Mr. Christoffersen's monthly salary.

It is true that some jurisdictions have permitted decrees in this form, or similar forms, based on future earnings. See, Vollenhover v. Vollenhover, 4 Ill. App. 2d 44, 123 N. E. 2d 114 (1954); Condy v. Condy, 328 Ill. App. 8, 65 N. E. 2d 219 (1946); Scheldrup v. Gaffney, 243 Iowa 1297, 55 N. W. 2d 272 (1952). We feel, however, that since one purpose of the proceedings in the District Court was to determine rights of the parties and the children in appellant's earnings, the decree should be definite and certain in order to facilitate proper enforcement of the award. The need for computation itself is not objectionable, but an extraneous fact unknown until the end of the year, that is, the amount of the bonus, is necessary to compute the amount of child support. Executions could not be issued by the clerk of the District Court without a hearing to obtain information from an employer about the amount of appellant's bonus, so as to ascertain the exact amount due and the amount for which execution should be levied. Unnecessary administrative difficulties would be created.

Although the District Court decree itself does not require a new hearing on the issue every year, it seems possible that the parties would end up in court litigating differences as to the amount of the bonus. The proceedings involving these parties over the past 2 years have been acrimonious, to say the least. It can only be hoped, but not necessarily expected, that the tenor of their dealings with one another will change abruptly.

The child support provisions of a decree are always subject to modification if circumstances change sufficiently to merit a change in amount. Because of this, setting an amount certain for child support will not be harmful to the interests of either of the parties, or, more importantly, the interests of the children. The order, while stating a definite sum payable monthly, should take into account the fact of appellant's bonus

although that amount may vary. We disapprove the use of this or a similar formula based on future income to establish the amount of child support.

In determining the amount of child support the status, situation, and character of the parties, and all attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be noted. Connolly v. Connolly, 194 Neb. 241, 231 N. W. 2d 337 (1975).

Appellant's current payment of $300 monthly for child support should be increased. His gross monthly salary in 1973 was $650. Not included in this amount are the rent and utilities received as part of his compensation. His gross bonus was $8,091, bringing his gross total yearly income to about $15,891 or $1,324.25 per month. Sharon nets about $240 monthly as a medical records clerk. Although appellant was directed by the decree to pay the debts of the parties, it appears that many of these debts have been adjusted or settled by appellant for less than the amount owed. The decree does not require appellant to provide medical insurance for the children. This is currently being paid for by the mother.

Mrs. Breiner's earnings do not begin to cover the costs of housing, clothing, feeding, and caring for four children. We do not believe $300 monthly set as child support is adequate, especially when the appellant's salary will, in all likelihood, exceed $15,000 yearly, barring a crop disaster.

We conclude, therefore, that the court's order of October 29, 1974, modifying the decree in this case dated July 18, 1973, must itself be modified. Appellant is hereby directed to pay an additional $150 per month, or a total of $450 per month, as child support for the four children, commencing June 1, 1973, and monthly thereafter until each of said minor children becomes of age, self-supporting, or married. Appellant, is, of course, to be given credit for all child support payments made under the terms of the decree and order of modification.

All other references in the order of October 29, 1974, relating to the payment of child support, or to the computation of the amount of child support by considering future bonuses or other future income are deleted. Likewise, the award of the court in the foregoing order of $1,050 additional child support for the period June 1 to December 31, 1973, is also deleted. This modification shall not, however, be construed to preclude future applications for modification of child support because of a change in the circumstances of the parties, as provided by law.

In all other respects, the order of October 29, 1974, is affirmed.

AFFIRMED AS MODIFIED.