### In re the MARRIAGE OF William L. MEEKER and Nancy G. Meeker.

### Upon the Petition of William L. Meeker, Appellant, and concerning Nancy G. Meeker, Appellee.

#### No. 61738.

Supreme Court of Iowa.

Dec. 20, 1978.

James L. Chipokas and John M. Maher of Chipokas, Koehler, Platt & Maher, Cedar Rapids, for appellant.

Robert M. Fassler, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

William L. Meeker, appealing from a marriage dissolution decree, challenges that provision which orders him to pay child support in an amount equal to 15 percent of the gross annual receipts from his insurance business as reflected on Schedule C of his federal income tax return. We modify and affirm.

William petitioned to dissolve his 16-year marriage to Nancy G. Meeker. The parties litigated custody of their ten-year-old son Steven, child support, and property division. Trial court's February 14, 1978, decree granted Nancy custody of Steven and made division of personal property. It ordered the parties' home sold with the first $5000 of net proceeds paid to Nancy and the balance divided between them. William was ordered to pay child support

> which shall be not less than 15 percent of his gross annual receipts as reflected on Schedule C of his Federal income tax return and in no event less than $1,800 annually.

A week later, without written application, the court amended its decree to provide that regardless of his income, William was not required to pay more than $3120 annually for child support.

William contests only the child support provision. During this appeal period Nancy has filed application to remand this case to give trial court jurisdiction to effect a sale of the home, in which William apparently has continued to reside. We accelerated submission to avoid delay of a temporary remand. Nancy has also filed an application for attorney fees for services in this court.

I. William contends trial court's percent-of-gross child support award ignores his business expenses and thus his ability to pay, which is measured more realistically by net income. Moreover, he argues, it imposes automatic future adjustments to child support without reference to the full panoply of potentially relevant factors, including the needs of the child, the parties' ages, health, present earning capacities, and resources owned and indebtedness owed. See *In re Marriage of Zoellner,* 219 N.W.2d 517, 525 (Iowa 1974). He asserts the decree is an invitation to future suspicion, uncertainty and litigation.

Nancy argues the decree diminishes the necessity for future modifications. She points out this court upheld a similar support award in 1952 against allegations it was conditional, uncertain, and therefore a nullity. See *Scheldrup v. Gaffney,* 243 Iowa 1297, 1303, 55 N.W.2d 272, 275.

The *Gaffney* decision should not be interpreted as an endorsement of this type of child support provision. There the father had agreed to the arrangement by written stipulation incorporated in the divorce decree. He promptly remarried. When cited for contempt for failure to make the required payments he claimed the judgment was void because the alimony and child support award was conditional and uncertain. The court held "the rule that conditional judgments are wrong has no application to decrees in equity," and in any event, the father's motion to dismiss the application to cite for contempt was a collateral attack on the decree. 243 Iowa at 1303, 1306, 55 N.W.2d at 275, 277. The court did not pass on the merits of such an award as an appropriate device for stabilizing the

respective rights and obligations of the parties.

Although courts differ on the legal validity of such support provisions, see annot., 75 A.L.R.3d 493 (1977), our attention has not been directed to a decision endorsing this type of order. Such judgments carry an inherent capacity to create uncertainty and disputes.

■ As a matter of policy this court rejected a percentage-based support provision in *McDonald v. McDonald,* 183 N.W.2d 186 (Iowa 1971). In that case the father had been ordered to pay one-half of his after-tax income for child support. He sought and received modification to reduce his payments by 50 percent of the mother's after-tax income from her newly acquired employment. This court modified the modification order to impose a fixed, weekly sum as the defendant's support obligation:

[W]e do not agree with the manner of modification.

* * * * * *

In this case the modified decree provided a sliding scale based on the parents' income alone. We feel this was unsatisfactory since such an order was based on the assumption that a change in only that factor will measure their obligations, whereas we believe there any many factors which properly determine the amount necessary and proper to meet the needs of these growing children.

* * * Under the revealed circumstances we feel [the needs] are better met by awarding a definite sum and the avoidance of a complicated computation which invites rather than avoids disputes. 183 N.W.2d at 189 (citation omitted).

We are convinced the *McDonald* rationale should apply in this case.

■ II. While William suggests the cause be remanded for further proceedings, we do not follow that course. We assume these parties introduced all material and relevant evidence in litigating this issue. Under our de novo review function the child support provision of trial court's decree should be modified to provide a fixed, weekly sum. See *Stillmunkes v. Still-*

*munkes*, 245 Iowa 1082, 1090, 65 N.W.2d 366, 371 (1954).

William's annual gross earnings from his insurance business at time of trial were determined to be between $12,000 and $13,000. His estimate of equivalent expenses encountered trouble in the course of his cross-examination. His annual business expenses appear to be something less than $3000. Nancy's gross salary in 1977 was $12,489.56. Each, of course, is obligated to help support Steven. Trial court imposed on William a minimum child support obligation of approximately $35 per week. Under all the circumstances disclosed by this record we hold William should pay $40 per week toward Steven's support.

■ III. All other provisions of trial court's decree are affirmed. If William has resided in the home belonging to these parties during the course of this litigation, he should be obligated to pay all accrued taxes, insurance, and the monthly mortgage payments to the date of sale, which now should proceed promptly.

IV. Nancy's application for attorney fees is denied. Each party shall pay his or her own attorney fees, and one-half the costs of this appeal.

The trial court's judgment shall be modified to conform to this decision, and as modified the judgment is affirmed.

AFFIRMED AS MODIFIED.