RITA ANN DANIELSON, APPELLEE, v. DAVID D. DANIELSON, APPELLANT.

285 N. W. 2d 494

Filed November 20, 1979. No. 42486.

Robert G. Decker, for appellant.

Mitchell & Demerath, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and RIST and BARTU, District Judges.

RIST, District Judge.

This is an appeal by respondent, David D. Danielson, from an order of the District Court for Douglas County, Nebraska, modifying a decree of dissolution by increasing the amount of child support due from respondent to petitioner, Rita Ann Danielson, for the minor children of the parties.

The marriage of the parties was dissolved by decree on January 5, 1976, at which time petitioner was awarded custody of the three minor children of the parties and respondent was ordered to pay child support to petitioner in the amount of $100 per month per child, plus 30 percent of certain commission income earned.

On May 4, 1978, petitioner filed her application to modify the decree by raising the amount of child support for the children. Respondent answered, denying a material change existed in the circumstances of the parties, and prayed that the application be dismissed. Subsequently, respondent filed a motion for summary judgment against petitioner on her application, which was heard and denied by the trial court. Trial was had on the application to modify on November 14, 1978, and on that date the trial court entered its order of modification requiring respondent to pay child support in the sum of $35 per week per child. Respondent filed his motion for new trial, which was overruled, and he has perfected his appeal to this court, assigning as error that the trial court erred in not sustaining his motion for summary judgment, in failing to dismiss the application because of petitioner's failure to file her financial statement with the court, and in finding a material change in circumstances warranting the modification. Other specified assignments are essentially within the context of those noted above.

With respect to respondent's contention that the trial court erred in failing to sustain his motion for summary judgment, we note that none of the evidence submitted at the hearing thereon is included in the bill of exceptions; therefore, such evidence is not before us for consideration. Brown v. Shamberg, 190 Neb. 171, 206 N. W. 2d 846. An examination of the pleadings affords no basis on which to sustain the motion. On the record, therefore, the action of the trial court in denying summary judgment was correct.

Respondent asserts that petitioner's application should be dismissed for failure to file her financial statement pursuant to section 42-359, R. R. S. 1943. The record reflects that no such statement was filed by the petitioner incident to her application to modify. In this case, the record shows no timely objection was raised to such failure, the parties had recourse to discovery, and both were present at the hearing for examination and cross-examination concerning their financial conditions. This being the case, the failure to file such statement, if in fact it is required in this circumstance, was waived, such failure not rising to the level of being jurisdictional in nature. The trial court properly proceeded with the hearing.

The key issue on appeal is whether the record sustains the finding of a material change in the circumstances of the parties and the needs of the children subsequent to the entry of the original decree herein that would warrant the modification granted. Such a finding is the well-established requirement in this state. Tilden v. Tilden, 202 Neb. 226, 274 N. W. 2d 860; Breiner v. Breiner, 195 Neb. 143, 236 N. W. 2d 846. On appeal to this court the matter is considered de novo. The determination of the trial court will not ordinarily be disturbed, however, unless there is a clear abuse of discretion or it is clearly against the

weight of the evidence. Knight v. Knight, 196 Neb. 63, 241 N. W. 2d 360.

The evidence sustains findings of fact as hereinafter set forth. At the time of trial on January 5, 1976, respondent's net income for the previous year, 1975, was approximately $14,080.76. And while there is some question about it, his net income for 1976 was at least $21,183.20, and for 1977 at least $18,929. His projected net income for 1978 at the time of trial on the application to modify was at least $14,855.35. Petitioner's income at the time of the decree was $368 per month and at the time of trial on the application was $654.19 per month.

Some question exists as to the accuracy of respondent's income figures for the years subsequent to the decree, as he includes 30 percent of certain commissions therein as income in his computation thereof, but for the years 1976 and 1977 he reported the full amount of the commissions for income tax purposes.

At the time of the decree petitioner's estimated expenses for herself and the minor children were $962.29 per month, and at the time of hearing on the application, based upon her record of expenditures, her continuing expenses were estimated at $1,019.17. In considering the latter it is noted that she included a monthly budget for food for herself and the three children at $125 per month, whereas at the time of the decree this expenditure was estimated at $250 per month. Also noted are present expenditures of $40 per month for clothing for herself and the children, while at the time of the decree this was estimated at $75 per month. Petitioner has had to obtain additional money, some from respondent and some from borrowing, to purchase a refrigerator and to pay home fuel costs and other expenses.

Respondent's current estimated expenses for his own maintenance are $713.50 per month.

The record further reflects that since the decree

respondent has made substantial monetary gifts to his children. Respondent suggests possible future business problems for one of his employers and a possible reduction in income, but does not document or detail the same.

On this record, it is appropriate to conclude that while respondent's 1978 income is probably less than that in 1976 or 1977, it is more than his earning experience showed at the time of the decree. His projected expenses show a financial capability of paying the child support ordered by the trial court in its order of modification. More importantly, it is clear that while petitioner's income has risen substantially, her actual needs and those of the children are not being met by that income and the child support ordered in the decree. This is particularly evident in the areas of food and clothing, which are shown by petitioner's present budget expenditures to be drastically below any reasonable standard for herself and the children. It is not reasonable that petitioner should have to borrow additional money for such living expenses. In terms of the needs of the children a material change in circumstances is shown subsequent to the decree that justifies the increase in the child support ordered by the trial court.

We note that, in practical terms, respondent, under the decree, was paying $390 to $394 per month in child support. Under the court's order of modification he will pay $105 per week, or $5,460 per year, which is an increase of from $61 to $65 per month. Taking into account the apparent need to increase the food and clothing budget for the children, the amount of increase is conservative. We are also aware of petitioner's testimony that the portion of the decree providing for a percentage of respondent's commissions as a part of the child support made that amount uncertain, resulting in difficulties in budgeting. This court has previously criticized the payment of child support upon such contingent

arrangements. Breiner v. Breiner, *supra*. It is therefore proper that the child support be fixed in stated amounts as set forth in the order of modification.

Respondent's assignments of error not considered here were not argued and are without merit. The order of the trial court modifying the amount of child support is affirmed. Petitioner's attorney is allowed an attorney's fee for his services in this court of $500, which is assessed to respondent.

AFFIRMED.